**Evin Alejandro ABREGO–
HERNANDEZ,
Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney
General, Respondent.**

No. 07–73916.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 8, 2009.

Martin Avila Robles, Immigration Practice Group, A Professional Corporation, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jacob Bashyrov, Esquire, Francis William Fraser, I, Esquire, Senior Litigation Counsel, Carl Henry McIntyre, Jr., Assistant Director, Daniel Shieh, Esquire, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Evin Alejandro Abrego–Hernandez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and review de novo questions of law, *Husyev v. Mukasey,* 528 F.3d 1172, 1177 (9th Cir.2008). We deny the petition for review.

■ The transcript of the plea colloquy in the record establishes that Abrego–Hernandez pled "no contest" to the California offense of being a felon in possession of a firearm. The agency accordingly did not err in concluding that Abrego–Hernandez's conviction for violating California Penal Code § 12021(a)(1) was for an offense "described in" 18 U.S.C. § 922(g)(1) and therefore an aggravated felony under 8

U.S.C. § 1101(a)(43)(E)(ii). *See United States v. De Jesus Castillo–Rivera,* 244 F.3d 1020, 1023 (9th Cir.2001); *see also* 8 U.S.C. § 1101(a)(48)(A) (a plea of nolo contendre resulting in some form of punishment is a conviction for immigration purposes).

■ We reject Abrego–Hernandez's contentions regarding his allegedly defective criminal convictions, as we cannot collaterally reexamine these convictions here. *See Ortega de Robles v. INS,* 58 F.3d 1355, 1358 (9th Cir.1995).

■ Substantial evidence supports the agency's denial of withholding of removal on the ground that Abrego–Hernandez failed to establish a nexus to a statutorily protected ground. *See Arteaga v. Mukasey,* 511 F.3d 940, 946 (9th Cir.2007); *Lim v. INS,* 224 F.3d 929, 938 (9th Cir.2000).

■ Finally, substantial evidence supports the agency's denial of CAT relief because Abrego–Hernandez did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Salvadoran government. *See Arteaga,* 511 F.3d at 948–49.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.